UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-62-RJC

| | |
|---|---|
| DE'ANTE OCTARIO HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KEITH A. KUHNE, Doctor ) | ORDER |
| LARRY JONES, Doctor, ) | |
| DAVID GUINN, Physician's Assistant, ) | |
| RUSSELL MCGALLARD, ) | |
| Medical Department Director, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on separate Motions to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendants David Guinn and Keith A. Kuhne. (Doc. Nos. 27; 29). On December 4, 2013, this Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded that Plaintiff's allegations of an Eighth Amendment violation based on deliberate indifference to serious medical needs against Defendants survived initial review. (Doc. No. 10). The standard of review for dismissal under 28 U.S.C. § 1915(e)(2) is the same as the standard under Rule 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Therefore, the Court has already determined that Plaintiff has sufficiently stated a claim under Rule 12(b)(6) against Defendants Guinn and Kuhne for an Eighth Amendment violation. Defendants' motions to dismiss are denied for the reasons stated in the Court's prior Order to the extent that Plaintiff

seeks damages against Defendants Guinn and Kuhne.[1] Plaintiff has, however, been transferred away from Marion Correctional Institution, where Defendant Kuhne was employed at all relevant times, and Alexander Correctional Institution, where Defendant Guinn was employed at all relevant times. Thus, as the Court noted on initial review, Plaintiff's claims for injunctive and declaratory relief as to these Defendants are moot. See (Doc. No. 10 at 7). Furthermore, Defendants are entitled to dismissal of Plaintiff's claims for punitive damages.

Finally, to the extent that Defendants have raised the defense of qualified immunity in their motions to dismiss, the Court finds that Defendants are not entitled to qualified immunity at this stage in the proceedings. As the Court has already noted, Plaintiff has sufficiently alleged a constitutional violation. The right to be free from a deliberate indifference to serious medical needs was clearly established, and Plaintiff sufficiently alleged for purposes of Rule 12(b)(6) that Defendants violated that clearly established right.

In sum, Plaintiff's claims against Defendants for injunctive and declaratory relief and punitive damages are dismissed, but Plaintiff's claims for compensatory damages against Defendants Guinn and Kuhne survive Defendants' motions to dismiss for failure to state a claim

---

[1] In their respective motions to dismiss, the moving Defendants ignore that the Court is constrained to accept Plaintiff's allegations as true, and Defendants simply dispute factual allegations made by Plaintiff. As an example, Defendant Guinn contends in his brief in support of his motion to dismiss that Plaintiff's allegation that Guinn knew about Plaintiff's scalp complaints was "mistaken . . . based on Plaintiff's filing of sick calls, Defendant Guinn's presence on the segregation unit on February 7, 2013 (to see another inmate), and also based on Plaintiff's unsupported belief that the nurse that he saw on January 9, 2013, 'verbally' informed Defendant Guinn . . . of Plaintiff's scalp complaints because the nurse said she would refer Plaintiff to" Guinn or the other medical provider on the unit. (Doc. No. 30 at 7). However, as this Court observed in its order on initial review, Plaintiff specifically alleged that "his letters and grievances filed as exhibits show that "each individual mentioned in this claim . . . had complete knowledge" of Plaintiff's serious medical need, but "chose to act with deliberate indifference." (Doc. No. 1 at 9; 10). Plaintiff alleges more specifically that Defendant Guinn had "full knowledge" of Plaintiff's condition because the nurse who screened Plaintiff had told him about it. (Id. at 8-9).

for deliberate indifference to serious medical needs.  Defendants' motions to dismiss are, therefore, denied in part and granted in part.

      **IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motions to Dismiss, (Doc. No. 27; 29), are **DENIED** in part and **GRANTED** in part for the reasons stated in this order.

2. The Court will enter a Pretrial Order and Case Management Plan so that discovery may commence in this matter.

Signed: March 3, 2015

Robert J. Conrad, Jr.
United States District Judge