UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-62-FDW

| | |
|---|---|
| DE'ANTE OCTARIO HOWARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KEITH A. KUHNE, Doctor ) <br> LARRY JONES, Doctor, ) <br> DAVID GUINN, Physician's Assistant, ) <br> RUSSELL MCGALLARD, ) <br> Medical Department Director, ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on periodic status review.

Pro se Plaintiff De'Ante Octario Howard, a North Carolina state inmate currently incarcerated at Pasquotank Correctional Institution, filed this action on April 16, 2013, pursuant to 42 U.S.C. § 1983, alleging that Defendants Keith Kuhne, Larry Jones, David Guinn, and Russell McGallard were deliberately indifferent to his serious medical needs while Plaintiff was incarcerated at Marion Correctional Institution and Alexander Correctional Institution. Following initial review by the Court, Plaintiff submitted a summons form for service by the U.S. Marshal, giving the address for Alexander Correctional Institution as Defendant Jones' address. On March 17, 2014, the U.S. Marshal returned as unexecuted a summons form, indicating that Defendant Jones is no longer employed at Alexander Correctional Institution.[1] See (Doc. No. 34 at 5).

Generally, a plaintiff is responsible for effectuating service on each named Defendant

---

[1] Summonses were returned as executed for the remaining Defendants, and they have appeared in this action and filed dispositive motions.

1

within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Larry Jones.

**IT IS THEREFORE ORDERED THAT**:

(1) Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Larry Jones. If the U.S. Marshal is unable to locate and obtain and service on Defendant Larry Jones within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve Defendant Jones.

(2) The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: April 20, 2016

Frank D. Whitney
Chief United States District Judge